IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LUCAS A. PACKER<br><br>    Plaintiff,<br><br>v.<br><br>HARRY E. SMITH and<br>COSHOCTON TRUCKING, INC,<br><br>    Defendants. | CAUSE NO.: |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Coshocton Trucking, Inc. ("Coshocton") and Harry E. Smith ("Smith") respectfully give notice of the removal of this civil action from the St. Joseph Superior Court to the United States District Court for the Northern District of Indiana, South Bend Division, pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1443, and 28 U.S.C. § 1446. In support thereof, Coshocton and Smith state as follows:

**A.    Facts and Parties**

1.    On November 4, 2021, Plaintiff Lucas A. Packer ("Plaintiff"), filed a Summons and Complaint for Damages and Jury Demand ("Complaint") in the St. Joseph Superior Court, State of Indiana, under cause number 71D07-2111-CT-000404. (*See generally* Ex. A, Compl.)

2.    The Complaint alleges that Plaintiff sustained damages on August 3, 2021, when he laid down his motorcycle to avoid a direct contact with a semi-tractor trailer owned by Coshocton and being driven by Smith. (*See* Ex. A, Compl., ¶¶ 2, 6, 8.)

3.    Plaintiff alleges that Smith was driving the Coshocton semi-tractor trailer within the course and scope of his employment with Coshocton. (*Id.* at ¶ 3.)

4.    The Complaint purports to assert claims sounding in negligence against Smith and Coshocton. (*See generally id.*)

1

5. On January 23, 2022, Defendants Coshocton and Smith filed their Answer to Plaintiff's Complaint.

5. As required by 28 U.S.C. § 1446(a), Defendants have attached to this Notice as Exhibit A "a copy of all process, pleadings, and orders served upon" it. These documents represent every document filed in the state court action.

6. This case is properly removed to this Court under 28 U.S.C. § 1441 because Coshocton and Smith have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is not a citizen of the same state as either of the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**B.    Diversity of Citizenship is Established.**

7. Complete diversity exists, and at all relevant times has existed, between the parties to this action.

8. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. 28 U.S.C. § 1332. At all times relevant herein, Plaintiff was and is domiciled in St. Joseph County, State of Indiana. Plaintiff is therefore a citizen of the State of Indiana for the purposes of diversity jurisdiction.

9. At all relent times here, Smith was and is domiciled in Muskingum County, State of Ohio. Smith is therefore a citizen of the State of Ohio for purposes of diversity jurisdiction.

10. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Coshocton is an Ohio Corporation with its principal place of business in Coshocton, Ohio. Coshocton is therefore a citizen of the State of Ohio for the purposes of diversity jurisdiction.

11. Because Coshocton and Smith are citizens of different states than Plaintiff, complete diversity of citizenship exists.

### C. The Amount in Controversy Requirement is Satisfied.

12. Based on information and belief, the amount in controversy exceeds $75,000.00. Where, such as here, the complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

13. Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 87-89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "should be accepted when not contested by the plaintiff or questioned by the Court"). During an April 22, 2022 telephone call with defense counsel, Sidney Hutchinson, a paralegal employed with counsel for Plaintiff, provided information Plaintiff suffered a SLAP tear to his right shoulder, and a facial injury requiring stiches and resulting in scarring and nerve damage. Ex. B, April 28, 2022 email correspondence with Andrew P. Jones, counsel for Plaintiff. Defense counsel attempted to obtain written confirmation of same, but Plaintiff's counsel did not respond. *Id.*, Ex. C, May 2, 2022 email correspondence with Andrew P. Jones, counsel for Plaintiff.

15. Therefore, the information supplied by Plaintiff's counsel regarding Plaintiff's claimed injuries establishes a reasonable probability that Plaintiff is alleging damages in excess of $75,000.

16. Accordingly, the amount in controversy is satisfied, rendering this matter properly removable under 28 U.S.C. § 1332 and 1441(b).

### D. Procedural Requirements for Removal.

17. A Notice of Removal must be filed within thirty (30) days of, "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

18. This action is properly removed from the state court to this Court under 28 U.S.C. § 1441, because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

19. None of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

20. The United States District Court for the Northern District of Indiana, South Bend Division, is the United States District Court and division embracing St. Joseph Superior Court, State of Indiana, where this action was filed and is pending. Venue is therefore proper in the United States District Court for the Northern District of Indiana, South Bend Division, under 28 U.S.C. § 1441(a).

21. Coshocton and Smith are filing this Notice of Removal with this Court within thirty (30) days after receipt of a paper from which it could first ascertain that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

22. While not a paper, during an April 22, 2022 telephone call with defense counsel, Sidney Hutchinson, a paralegal with Plaintiff's counsel, for the first time provided information regarding Plaintiff's alleged injuries from which Defendants could first ascertain whether the case met the $75,000 amount in controversy threshold of 28 U.S.C. § 1332(a).

23. Copies of all pleadings, process, and orders served in the state court action are attached as Exhibit A, as required by 28 U.S.C. § 1446(a).

24. As required by 28 U.S.C § 1446(d), a copy of this Removal is being contemporaneously served on Plaintiff and is being filed with the Clerk of the St. Joseph Superior Court.

25. Coshocton and Smith expressly reserve all available defenses. By removing this action to this Court, Coshocton and Smith do not waive any rights or defenses available under federal or state law. Nothing in this Notice of Removal shall be construed as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Defendants Coshocton Trucking, Inc. and Harry E. Smith respectfully request that the entire state court action now pending in the St. Joseph Superior Court, State of Indiana, under cause number 71D07-2111-CT-000404 be removed to this Court for all further proceedings and that no further proceedings be held in the St. Joseph Superior Court, State of Indiana.

Dated this 5th day of May, 2022.

                                          Respectfully submitted,

                                          */s/ Ryan J. Schoffelmeer*
                                          Thomas E. Ehrhardt (#18621-45)
                                          Ryan J. Schoffelmeer (#31499-64)
                                          KOPKA PINKUS DOLIN PC
                                          9801 Connecticut Drive
                                          Crown Point, Indiana 46383
                                          *Attorneys for Harry E. Smith and*
                                          *Coshocton Trucking, Inc.*

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on the 5th day of May, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS) / Court's CM/ECF system. I further certify that the following persons were served a true and correct copy on the same date via electronic mail:

Andrew B. Jones
Jones Law Office LLC
andrew@attorney-jones.com

          /s/ *Ryan J. Schoffelmeer*